**Maria De La Gracia Zepeda REAL, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–74908.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 23, 2010.*

Filed Sept. 7, 2010.

Maria De La Gracia Zepeda Real, Orange, CA, pro se.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Oil, Julia Tyler, Esquire, Barry J. Pettinato, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Maria De La Gracia Zepeda Real, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Zepeda Real's motion to reopen because she did not submit any evidence relating to her continuous physical presence. *See INS v. Wang,* 450 U.S. 139, 141, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1981) (per curiam) (movant must show prima facie eligibility for the underlying substantive relief requested in a motion to reopen); *Juarez–Ramos v. Gonzales,* 485 F.3d 509, 512 (9th Cir.2007) (an expedited removal order interrupts an alien's continuous physical presence for cancellation purposes).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We lack jurisdiction to review Zepeda Real's collateral challenge to her expedited removal order. *See* 8 U.S.C. § 1252(a)(2)(A) & (e)(2) (judicial review of an expedited removal order is restricted to limited habeas review before the district court); *see also Avendano–Ramirez v. Ashcroft,* 365 F.3d 813, 818–19 (9th Cir. 2004) (collateral attack on expedited removal orders "severely" limited).

Zepeda Real's remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.